IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NELSON RIVAS ALVAREZ,

        Petitioner,

v.                                         Civil Action No. 2:07cv74
                                                (Judge Maxwell)

JOE D. DRIVER, Warden,

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

On September 24, 2007, the *pro se* petitioner filed a Motion for Writ of Habeas Corpus Pursuant to the Authority of 28 U.S.C. § 2241. In the petition, the petitioner asserts that the respondent has willfully and knowingly refused to produce a Bond in criminal case number "91-Cr-217 AUTOtris/Cusip No. 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-084648194," in violation of his fiduciary duties. Petition at 1. Therefore, the petitioner requests that the Court produce the bond "for full settlement and closure of the Account." Id.

On November 2, 2007, the petitioner paid the required filing fee. Consequently, the undersigned conducted a preliminary review of the file on November 6, 2007, and determined that summary dismissal of the petitioner was not warranted at that time. Therefore, the respondent was directed to file a response. The respondent did so on December 6, 2007, by filing a Motion to Dismiss and/or for Change of Venue. A Roseboro Notice issued the next day, and the petitioner filed his reply on January 3, 2008. Accordingly, this case is before the undersigned for a report and recommendation on the respondent's motion.

A petition for writ of habeas corpus under 28 U.S.C. § 2241 provides the appropriate avenue to raise a challenge to the manner in which a sentence is being executed. United States v. Miller,

1

871 F.2d 488, 490 (4th Cir. 1989). Moreover, a § 2241 petition must be brought against the petitioner's custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434, 435 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court, therefore, the only proper respondent is the petitioner's custodian); Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494 (1973) ("[a] writ of habeas corpus does not act upon the prisoner who seeks habeas relief, but upon the person who holds him in . . . custody").

In this case, the petitioner does not challenge the manner in which his sentence is being executed. Instead, the petitioner "seek[s] this Honorable Court to execute an order directing Respondents to produce the Bonds for discharge and release them to Petitioner who is the Principal and Real Party in Interest." Reply (dckt. 16) at 1. In addition, although the petitioner asserts that the respondent holds the records in question, it is clear that the Warden of the plaintiff's place of incarceration, would not hold any bond issued in the petitioner's underlying criminal proceedings held in federal court. Rather, any such documents would be held by the Court, the United States Attorney's Office, or the Probation office in the district in which the petitioner was convicted and sentenced.[1] Accordingly, the undersigned finds that the petitioner's claims are not properly raised under § 2241 and the petition is due to be dismissed.

Additionally, although the respondent seeks to alternately transfer this case to the district of conviction as a motion to vacate sentence under 28 U.S.C. § 2255, the undersigned is not convinced that such a transfer would be appropriate. The petitioner is not claiming that his conviction and sentence should be vacated, set aside or corrected, the very relief provided by § 2255, but rather, the return of "the Bond" issued in his criminal case. It is not clear, therefore, that § 2255 carries the appropriate relief either.

---

[1] The petitioner was convicted and sentenced in the Eastern District of Wisconsin.

Accordingly, for the reasons set forth in this Opinion, the undersigned recommends that the respondent's Motion to Dismiss, and/or for Change of Venue (dckt. 13) be **GRANTED in part** and **DENIED in part**. More specifically, the undersigned recommends that the Court GRANT the respondent's request for dismissal because § 2241 relief is not available in this instance. However, the undersigned also recommends that the Court DENY the respondent's request for change of venue because it would not be appropriate to construe this case as a § 2255 motion.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: June 20, 2008.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE